NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0416n.06
Filed: July 11, 2008

No. 07-3710

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROBIN GOTOSA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| MICHAEL B. MUKASEY, Attorney General of the | ) | |
| United States, | ) | |
| | ) | |
| Respondents. | ) | |

Before: BOGGS, Chief Judge; MARTIN and SILER, Circuit Judges.

**PER CURIAM**. Petitioner Robin Gotosa ("Gotosa") petitions for review of an order of the

Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture (the "application"). For the following reasons,

we DENY the petition.

BACKGROUND

In 1998, Gotosa, a native of Zimbabwe, legally entered the United States to attend college.

He graduated from college in 2004, and filed the application in October of the same year, when his

student visa expired. He sought asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT") based on his political opinion: his alleged alliance with

Movement for Democratic Change (the "MDC"), a political organization in Zimbabwe that promotes

democratic elections and opposes the country's president, Robert Mugabe. Specifically, Gotosa claimed that in December 1999 when he returned to Zimbabwe to visit his brother, Rodney Gotosa ("Rodney"), a government-backed gang, the Green Bombers, approached them following an MDC meeting that both had attended. The Green Bombers warned Rodney to stop his pro-MDC activities and then let them go. Gotosa further claimed that in July 2004, the Green Bombers detained and tortured Rodney because he failed to heed their earlier warning regarding his MDC activities.

At his immigration hearing, Gotosa presented no evidence to verify his accounts of Rodney's torture, to establish his or his family's membership in the MDC, or to prove his fear of future persecution. After making an adverse credibility finding, the Immigration Judge ("IJ") denied the Application. Gotosa appealed to the BIA, which adopted the IJ's reasoning and affirmed its decision.

## DISCUSSION

When the BIA adopts the IJ's decision, adding its own commentary, we review both the BIA and the IJ's decisions. *Lazer v. Gonzales*, 500 F.3d 469, 474 (6th Cir. 2007) (citation omitted). We review the IJ's factual findings, including adverse credibility findings, under the substantial evidence standard. *Hamid v. Gonzales*, 478 F.3d 734, 736 (6th Cir. 2007) (internal references omitted). Thus, we must uphold the IJ's factual findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Lazer*, 500 F.3d at 474-75 (citation omitted). We review the IJ's legal determinations de novo. *Alexandrov v. Gonzales*, 442 F.3d 395, 404 (6th Cir. 2006) (citation omitted). We can only reverse the BIA or IJ's decisions if the evidence

the petitioner presents "not only supports a contrary conclusion, but indeed *compels* it." *Ouda v INS*, 324 F.3d 445, 451 (6th Cir. 2003) (citation omitted) (emphasis in original).

The IJ denied the Application because of material discrepancies between Gotosa's statements to the asylum officer and his testimony at the hearing, coupled with his failure to otherwise prove his claims. Gotosa testified that his and Rodney's encounter with the Green Bombers in 1999 lasted approximately thirty minutes. On cross-examination, however, Gotosa admitted that he previously described the encounter as "brief." Gotosa also testified that in 2004 the Green Bombers detained Rodney for a month. His original statement to the asylum officer indicated that Rodney was held for ten days. At the hearing, Gotosa claimed that he and his family members were active supporters of the MDC. His alleged support was manifested only in attending the December 1999 MDC meeting. He was not a member of the MDC despite the existence of an American chapter. Gotosa claimed to have sent approximately $200 to Rodney and his friends over the years but provided only one receipt for a money order of $10 dated approximately one month before the hearing. Gotosa failed to produce copies of his parents' or Rodney's MDC membership cards. His other brother, Brian Gotosa, testified that he never saw MDC correspondence or literature in his parents' home, nor did he ever converse with his parents about the MDC. Gotosa also testified that Rodney refused to leave Zimbabwe because he was dedicated to the MDC's cause. However, he originally told the asylum officer that Rodney refused to leave Zimbabwe because he was still in school and had a career there.

Gotosa argues that the IJ incorrectly admitted into evidence the notes from Gotosa's interview with the asylum officer. The IJ, however, admitted the notes for impeachment purposes

only and observed that Gotosa could not cross examine their author due to the author's unavailability. The IJ did not exclusively rely on the inconsistencies between the notes and Gotosa's hearing testimony. Moreover, Gotosa had the opportunity to defend against the statements contained in the notes. *See Alexandrov* at 406-07 ("[W]here a hearsay document is admitted but not primarily relied upon and the [applicant] receives the opportunity to rebut the document's conclusions through his witnesses, the fundamental fairness of the proceedings has not been impinged."). Consequently, the IJ did not deny Gotosa due process of law since he was not prejudiced by the admission of the notes.

As to Gotosa's claims of withholding of removal and CAT, when an applicant fails to meet his burden under the requirements for asylum, "the record necessarily supports the finding that [the applicant does] not meet the more stringent standard of a clear probability of persecution required for withholding of [removal]." *Berri v. Gonzales*, 468 F.3d 390, 397 (6th Cir. 2006). Moreover, Gotosa failed to prove that the government of Zimbabwe was looking for him. There was no indication that it had any reason to torture him upon his return. Gotosa, therefore, failed to establish a genuine fear of future persecution and his CAT claim.

There was no corroboration from the MDC regarding Rodney's activities in the organization and the only corroboration of the family's involvement in the MDC came from the family members themselves. Therefore, the IJ found that Gotosa's testimony lacked credibility and was not corroborated by unbiased sources. The IJ's credibility findings are reasonable and Gotosa's inconsistencies went to the heart of his asylum claim. *See Sylla v. INS*, 388 F.3d 924, 925 (6th Cir.

No. 07-3710
Gotosa v. Mukasey

2004). Thus, we uphold the IJ's and the BIA's decisions, as we are not compelled to conclude to the contrary.

PETITION DENIED.[1]

---

[1]In denying Gotosa relief from deportation, we take notice of the continuing deterioration of the political and social situations in Zimbabwe, and point Gotosa to 8 U.S.C. § 1229a(c)(7)(C)(ii), which allows him to reopen his asylum petition "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered at the previous proceeding." However, in *Harchenko v. INS*, 349 F.3d 405, 410 (6th Cir. 2004), we noted that a petitioner who files a motion to reopen an asylum petition "based on changed country conditions cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of individual persecution. The feared persecution must relate to an alien individually, not to the population generally." (internal quotation marks and citations omitted).